JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444),
rberman@jmbm.com
JESSICA BROMALL SPARKMAN (BAR NO. 235017),
jzb@jmbm.com
NATHANIEL DANG (Bar No. 296757),
ndang@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Plaintiff
R.R. STREET & CO., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.R. STREET & CO., INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MR. HANGERS, EX., INC., a California corporation; MARINE MEKIKIAN, an individual; ARMEN MEKIKIAN, an individual; and DOES 1 through 10, inclusive.<br><br>　　　　　Defendants. | CASE NO.  2:17-cv-178<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br><br>**(2) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125(a));**<br><br>**(3) COMMON LAW TRADEMARK INFRINGEMENT;**<br><br>**(4) COMMON LAW TRADE DRESS INFRINGEMENT;**<br><br>**(5) COMMON LAW INJURY TO BUSINESS REPUTATION;**<br><br>**(6) UNJUST ENRICHMENT; AND**<br><br>**(7) UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE § 17200).**<br><br>**DEMAND FOR TRIAL BY JURY** |

For its complaint, plaintiff R.R. Street & Co., Inc. ("Plaintiff" or "Street's") alleges as follows:

# THE PARTIES

1. Plaintiff is a Delaware state corporation with its principal place of business at 215 Shuman Blvd., Suite 403, Naperville, IL 60563. Plaintiff designs, develops, manufactures, distributes, and markets a variety of dry cleaning processes, additives, stain removal agents, solvents, and filtration products under its STREET'S trademark and using STREET'S trade dress. Plaintiff distributes its products throughout the United States and does substantial business in the Central District of California.

2. Defendant Mr. Hangers Ex, Inc. ("Hangers") is a California state corporation. On information and belief, Hangers' principal place of business is located in Glendale, California.

3. Defendant Marine Mekikian ("Marine") is an individual currently residing in the State of California and, on information and belief, an officer, owner, and/or managing agent of Hangers.

4. Defendant Armen Mekikian ("Armen") is an individual currently residing in the State of California and, on information and belief, an officer, owner, and/or managing agent of Hangers.

5. Plaintiff is informed, and believes, and based thereon alleges, that at all times relevant to this action, Defendants have had continuous and systematic contacts with the state of California and this judicial district, including using Plaintiff's trademarks and trade dress, and infringing Plaintiff's rights in its STREET'S marks and trade dress in this judicial district.

6. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants Does 1 through 10, inclusive, or any of them, and therefore sues these defendants, and each of them, by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint

1 when the identity of one or more of these defendants is ascertained. Does 1 through 10, inclusive, Marine, Armen, and Hangers are referred to herein collectively as "Defendants," and individually as "a Defendant."

7. Plaintiff is informed and believe, and on that basis alleges, that each Defendant conspired and acted in concert with each of the other Defendants to commit the wrongs against Plaintiff alleged herein, and in doing so were, at all relevant times, the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other. Plaintiff is further informed and believes, and on that basis alleges, that in doing the things alleged in this Complaint, each Defendant was acting within the scope of authority conferred upon that Defendant by the consent, approval, and/or ratification of the other Defendants, whether said authority was actual or apparent.

8. Plaintiff is further informed and believes, and, based thereon alleges, that Marine and Armen are the owners and operators of Hangers, and that they, and each of them, directed, controlled, and/or participated in the conduct alleged herein.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) over the federal trademark infringement and unfair competition claims, arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the state unfair competition and common law trademark infringement claims.

10. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over all claims asserted herein because Plaintiff and Defendants reside in different states, namely, Illinois and California, respectively, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has personal jurisdiction over Defendants at least because they reside in California, operate a business in California, and advertise and offer their goods to California residents. Further, on information and belief, Defendants

have transacted business in this judicial district during the times relevant to this action.  Further still, Defendants' infringing conduct is purposefully directed at Plaintiff, and has caused harm to Plaintiff in this judicial district.  Moreover, Hangers is resident in the State of California and this district, and Defendants have purposefully availed themselves of the privilege of conducting business in California, including by incorporating Hangers under the laws of the State of California.  Thus, the exercise of jurisdiction is fair and reasonable.

12. Venue is proper under 28 U.S.C. § 1391(b)-(d).  Hangers resides in the State of California and within this judicial district.  Further, a substantial part of the events and/or omissions giving rise to the claims against Defendants, including the sale of infringing products, and the damages resulting therefrom, occurred in this judicial district.

## GENERAL ALLEGATIONS

### Plaintiff's STREET'S Marks

13. Plaintiff was founded in 1876 and is well known for its dry cleaning processes, additives, stain removal agents, solvents, and filtration products.  Plaintiff distributes its products through its authorized distributors in the United States, Canada, and Mexico.

14. For more than 75 years, Plaintiff has continuously used its trademarks , and STREET'S in connection with organic soluble fabric sizing for use in connection with the dry cleaning of fabrics, compounds for removing stains from textile fabrics, detergents for use in dry cleaning operations and kits comprised primarily of stained test swatches, demonstration swatches, and stain removal preparations for use in teaching dry cleaning establishments about stain removal techniques, and commercial dry cleaning filter machines and dry cleaning filter cartridges (Plaintiff's trademarks

above referred to herein collectively as the "STREET'S Marks"). Consumers, distributors, and retailers routinely refer to Plaintiff as "STREET'S" and to STREET'S-branded products as "STREET'S products," thereby conferring on Plaintiff extensive common law rights in its STREET'S Marks.

15. Plaintiff offers dozens of products for sale under its STREET'S Marks. Plaintiff's STREET'S-branded products are available in all major U.S. markets through Plaintiff's nationwide network of authorized distributors, including two authorized distributors located within the State of California.

16. Plaintiff is the owner of U.S. Trademark Registration No. 1968427 for STREET'S and design (shown below and hereinafter referred to as the "Registered STREET'S Mark") for "organic soluble fabric sizing for use in connection with the dry cleaning of fabrics, compound for removing stains from textile fabrics, detergent for use in dry cleaning operations and kit comprised primarily of stained test swatches, demonstration swatches, and stain removal preparations for use in teaching dry cleaning establishments about stain removal techniques, and commercial dry cleaning filter machines and dry cleaning filter cartridges."



This registration is conclusive evidence of Plaintiff's exclusive right to use STREET'S and the accompanying design in commerce in connection with the goods specified in the registration.

17. Plaintiff is the owner of the trademark STREET'S (stylized) (shown below), which is the subject of pending U.S. Trademark Application Serial No. 87290348 for "organic soluble fabric sizing for use in connection with the dry cleaning of fabrics, Cleaning agents, namely, fabric cleaning fluids, compound for removing stains from textile fabrics, detergent for use in dry cleaning operations and kit comprised primarily of stained test swatches, demonstration swatches, and stain removal preparations for use in teaching dry cleaning establishments about stain

1  removal techniques, and commercial dry cleaning filter machines and dry cleaning
2  filter cartridges."

**STREET'S**

6  18.    Plaintiff is the owner of the trademark STREET'S, which is the subject
7  of pending U.S. Trademark Application Serial No. 87290331 for "organic soluble
8  fabric sizing for use in connection with the dry cleaning of fabrics, Cleaning agents,
9  namely, fabric cleaning fluids, compound for removing stains from textile fabrics,
10 detergent for use in dry cleaning operations and kit comprised primarily of stained
11 test swatches, demonstration swatches, and stain removal preparations for use in
12 teaching dry cleaning establishments about stain removal techniques, and commercial
13 dry cleaning filter machines and dry cleaning filter cartridges."
14 19.    Through Plaintiff's use of the STREET'S Marks for more than 75
15 years, as well as its hard work, attention to detail, commitment to quality, and the
16 investment of substantial time, effort, and money in its STREET'S brand, Plaintiff,
17 and its STREET'S Marks, have achieved a reputation for quality, and consumers
18 recognize the STREET'S Marks as uniquely identifying Plaintiff as the source of
19 STREET'S branded products.

Plaintiff's Bi-colored Trade Dress

21 20.    Since at least the year 2000, Plaintiff has distributed products such as
22 Exxon® DF-2000™ solvent fluid in red and black bi-colored drums and pails bearing
23 the STREET'S Marks.  Representative examples of Plaintiff's DF-2000™ drums and
24 pails, respectively, are shown below:
25 //
26 //
27 //
28

PRINTED ON
RECYCLED PAPER
LA 13938110v3



21. The bi-colored feature of the drums and pails is inherently distinctive and nonfunctional, and constitutes trade dress owned by Plaintiff ("Bi-colored Trade Dress").

22. As a result of Plaintiff's consistent and longtime use of the Bi-colored Trade Dress, the Bi-colored Trade Dress has achieved secondary meaning and Plaintiff's customers, its competitors, and the relevant consuming public have come to recognize the Bi-colored Trade Dress as uniquely identifying Plaintiff as the source of the products sold in the Bi-colored Trade Dress.

23. Plaintiff is the owner of pending U.S. trademark applications having Serial No. 87279678 and 87279684, for the Bi-colored trade dress for its drums and pails, respectively.

24. Since adopting the STREET'S Marks and its Bi-colored Trade Dress, Plaintiff has invested millions of dollars in advertising, and has generated hundreds of millions of dollars in sales.

25. Through Plaintiff's hard work, attention to detail, relentless commitment to quality, and the investment of substantial time, effort, and money in both advertising and research and development, Plaintiff, as well its products bearing Plaintiff's STREET'S Marks and Bi-colored Trade Dress, have achieved a national reputation within the dry cleaning industry for quality, reliability, and effectiveness.

1  An example of just one advertisement in Plaintiff's national advertising campaigns,
2  featuring its drums bearing the STREET'S Marks and Bi-colored Trade Dress, is
3  shown below:



Defendants Are Infringing Plaintiff's Rights

26. Defendants are refilling used STREET'S-branded drums and pails, which bear the STREET'S Marks and/or Bi-colored Trade Dress, with solvent fluid other than the Exxon® DF-2000™ distributed by Street's.  Examples of the drums refilled by Defendants are shown below:



27. Defendants are marketing, selling, offering to sell, and distributing these re-used drums and pails. Defendants are thereby intentionally infringing Plaintiff's STREET'S Marks and Bi-colored Trade Dress, and are intentionally confusing and deceiving consumers into believing that the refilled drums, and the products contained therein, are sold by, sponsored by, approved by, or otherwise connected to Plaintiff.

28. Due to the potentially hazardous nature of dry cleaning solvents, Defendants' infringing use of the empty drums and pails bearing Plaintiff's STREET'S Marks and Bi-colored Trade Dress could cause a public safety issue and in doing so, could destroy good will that Plaintiff has accumulated over the course of over a hundred forty years.

29. Defendant Marine Mekikian, as an owner and managing agent of Hangers, has supervised, directed, and controlled the infringing conduct of Hangers set forth herein.

30. Defendant Armen Mekikian, as an owner, managing agent, and Director of Hangers, has supervised, directed, and controlled the infringing conduct of Hangers set forth herein.

31. Marine and Armen, as owners and managing agents of Hangers, had an obvious and direct financial interest in the infringing conduct of Hangers set forth herein.

32. Marine and Armen have obtained a direct financial benefit from the infringing conduct of Hangers set forth above. Accordingly, Marine and Armen have vicariously infringed and continue to vicariously infringe Plaintiff's exclusive rights in the STREET'S Marks and its Bi-colored Trade Dress.

### Correspondence with Hangers

33. On or about December 12, 2016, Plaintiff, through its counsel, sent notice to Hangers regarding the impropriety of Hangers' conduct both electronically and via courier.

34. Plaintiff sent a hard copy of the notice via courier, to Marine Mekikian, Hangers' registered agent for service of process, at her home address, after attempts to deliver the notice to the registered agent's address listed with the California Secretary of State were unsuccessful. That copy of the notice was delivered on December 16, 2016. Plaintiff has not received any response to its notice.

## **FIRST CAUSE OF ACTION**

### Trademark Infringement – 15 U.S.C. § 1114

35. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

36. Defendants, through the acts and omissions described herein, have used, and are using, in commerce a reproduction or imitation of Plaintiff's Registered STREET'S Mark in connection with the sale and distribution of goods, without Plaintiff's consent.

37. Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, retailers, and distributors. As a result of Defendants' conduct, confusion is likely to occur both when consumers are making their purchasing decisions, as well as post-sale.

38. As described herein, Defendants have used and are using Plaintiff's Registered STREET'S Mark in connection with the sale of dry cleaning products, including solvents. On information and belief, Defendants have sold and are selling solvents bearing Plaintiff's Registered STREET'S Mark to dry cleaning facilities. Plaintiff's STREET'S-branded products also include dry cleaning solvents, which it also ultimately sells to dry cleaning facilities. Thus, here, the parties' products are sold through identical channels of trade.

39. Defendants' actions constitute trademark infringement pursuant to 15 U.S.C. § 1114.

40. Plaintiff lacks an adequate remedy at law. Unless an injunction is issued enjoining any continuing or future infringing conduct by Defendants, such use

is likely to continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, or sponsorship, thereby irreparably damaging Plaintiff.

41. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined from further infringing Plaintiff's Registered STREET'S Mark. Plaintiff is entitled to and seeks injunctive relief.

42. Pursuant to 15 U.S.C. §§ 1117(a), Plaintiff is entitled to an order requiring Defendants to account to Plaintiff for any and all profits derived by Defendants from their infringing conduct, and to an order awarding all damages sustained by Plaintiff by reason of Defendants' infringing conduct.

43. Defendants' conduct alleged herein was and is intentional and without foundation in law. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to and seeks an award of treble damages against Defendants.

44. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is entitled to and seeks an award of attorneys' fees and costs.

45. Defendants' use of Plaintiff's Registered STREET'S Mark constitutes the use of a counterfeit mark. Pursuant to 15 U.S.C. § 1117(b) and (c), in addition to compensatory damages, Plaintiff is entitled to recover treble damages and statutory damages of $2,000,000 due to Defendants' use of a counterfeit mark.

## SECOND CAUSE OF ACTION

<u>False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125(a)</u>

46. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

47. Plaintiff's STREET'S Marks are inherently distinctive.

48. As a result of Plaintiff's consistent and longtime use of its STREET'S Marks, the STREET'S Marks have achieved secondary meaning.

49. Defendants' conduct constitutes unfair competition pursuant to 15 U.S.C. § 1125(a). By the acts and omissions described above, Defendants have used

in commerce words and trade dress which are confusingly similar to those of Plaintiff, in a manner that is likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection, or association of Defendants with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' goods, in violation of 15 U.S.C. § 1125(a).

50. As a result of Defendants' conduct, confusion is likely to occur both when consumers are making their purchasing decisions, as well as post-sale.

51. Defendants' actions are willful, malicious, fraudulent, deliberate, and intended to confuse the public.

52. Plaintiff has suffered, and continues to suffer, damages to its profits, sales, and business as a result of Defendants' acts of infringement. Plaintiff has sustained, and will continue to sustain, great and irreparable injury in that it will lose customers and good will.

53. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined. Plaintiff is entitled to and seeks injunctive relief.

54. Pursuant to 15 U.S.C. §§ 1117(a), as well as an order awarding all of its damages caused by, and all of Defendants profits traceable to, Defendants conduct.

55. Defendants conduct alleged herein was intentional and without foundation in law. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to and seeks an award of treble damages against Defendants.

56. Defendants acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is entitled to and seeks an award of attorneys' fees and costs.

### THIRD CAUSE OF ACTION

Common Law Trademark Infringement

57. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

58. Plaintiff's STREET'S Marks are inherently distinctive.

59. As a result of Plaintiff's consistent and longtime use of its STREET'S Marks, the STREET'S Marks have achieved secondary meaning.

60. The acts and omissions of Defendants, as set forth above, constitute common law trademark infringement.

61. Defendants, through the acts and omissions described above, have used in commerce words and trade dress which are confusingly similar to those of Plaintiff, in a manner that is likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection, or association of Defendants with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' goods.

62. As a result of Defendants' conduct, confusion is likely to occur both when consumers are making their purchasing decisions, as well as post-sale.

63. Plaintiff has suffered, and continues to suffer, damages to its profits, sales, and business as a result of Defendants' acts of infringement.  Plaintiff has sustained, and will continue to sustain, great and irreparable injury in that it will lose customers and good will.  Plaintiff has no adequate remedy at law for these injuries.

64. Plaintiff is entitled to an injunction prohibiting Defendants from continuing the infringing practices described herein.

65. Plaintiff is also entitled to profits and damages arising from Defendants' wrongful use of Plaintiff's STREET'S Marks.

66. In performing the acts and omissions herein alleged, Defendants are guilty of intentional, oppressive, malicious, reckless and despicable conduct directed to Plaintiff in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from Defendants in an amount subject to proof.

## FOURTH CAUSE OF ACTION

### Common Law Trade Dress Infringement

67. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

68. Plaintiff owns and holds the exclusive right to use its Bi-colored Trade Dress.

69. Plaintiff's Bi-colored Trade Dress is distinctive and nonfunctional.

70. Defendants have used and are using Plaintiff's Bi-colored Trade Dress as set forth above, without the consent of the Plaintiff. Such use is likely to cause confusion among consumers as to the source, sponsorship, affiliation, or approval of Defendants' goods.

71. The acts and omissions of Defendants, as set forth above, constitute common law trade dress infringement.

72. As a result of Defendants' conduct, confusion is likely to occur both when consumers are making their purchasing decisions, as well as post-sale.

73. Plaintiff has suffered, and continues to suffer, damages to its profits, sales, and business as a result of Defendants' acts of infringement. Plaintiff has sustained, and will continue to sustain, great and irreparable injury in that it will lose customers and good will. Plaintiff has no adequate remedy at law for these injuries.

74. Plaintiff is entitled to an injunction prohibiting Defendants from continuing the infringing practices described herein.

75. Plaintiff is also entitled to profits and damages arising from Defendants' wrongful use of Plaintiff's Bi-colored Trade Dress.

76. In performing the acts and omissions herein alleged, Defendants are guilty of intentional, oppressive, malicious, reckless and despicable conduct directed to Plaintiff in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount subject to proof.

## FIFTH CAUSE OF ACTION

### Common Law Injury to Business Reputation

77. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

78. The acts and omissions of Defendants, as set forth above, constitute common law injury to Plaintiff's business reputation.

79. Defendants, through the acts and omissions described above, have used in commerce words and trade dress which are confusingly similar to those of Plaintiff, in a manner that is likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection, or association of Defendants with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' goods or services.

80. Any adverse reaction by consumers to Defendants, their products, or their services, for example, due to any adverse quality events, bad publicity, or inappropriate advertising or other indiscretion will injure Plaintiff's business reputation and the goodwill it has developed over the years it has offered quality dry cleaning solvents.

81. As a result of Defendants' conduct, confusion is likely to occur both when consumers are making their purchasing decisions, as well as post-sale.

82. Plaintiff has suffered, and continues to suffer, damages to its profits, sales, and business as a result of Defendants' acts of infringement. Plaintiff has sustained, and will continue to sustain, great and irreparable injury in that it will lose customers and good will. Plaintiff has no adequate remedy at law for these injuries.

83. In performing the acts and omissions herein alleged, Defendants are guilty of intentional, oppressive, malicious, reckless and despicable conduct directed to Plaintiff in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount subject to proof.

## SIXTH CAUSE OF ACTION

### Unjust Enrichment

84. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

85. As a result of the illegal and wrongful conduct alleged hereinabove, Defendants have been and will be unjustly enriched at the expense of Plaintiff.

86. Defendants should be required to disgorge and return to Plaintiff the gain that Defendants wrongfully obtained at the expense of Plaintiff, and a constructive trust should be imposed thereon, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

Unfair Business Practices – Cal. Bus. & Prof. Code § 17200

87. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

88. Defendants have committed acts of illegal and unfair business practices, as defined by Business and Professions Code Section 17200 et seq., by engaging in, among other unfair practices, deceptive representations in violation of Business and Professions Code § 17500, and violations of state and federal trademark and unfair competition statutes.

89. These acts and practices violate Business and Professions Code Section 17200 in that they are illegal, unfair and/or fraudulent business practices.

90. The unlawful, unfair and/or fraudulent business practices as described above, present a continuing threat to members of the public in that Plaintiff and members of the general public have no other adequate remedy at law to halt and remedy said practices and/or policy.

91. As a direct and proximate result of the aforementioned acts, Defendants received and continue to hold ill-gotten gains resulting from their unfair business practices, which properly belong to Plaintiff. Plaintiff, accordingly, seeks restitution of all such gains.

//
//
//

# **PRAYER**

Plaintiff prays for relief as follows:

1. For the First Cause of Action: damages according to proof at trial, including but not limited to Plaintiff's actual damages, the Defendants' profits, and enhanced damages pursuant to 15 U.S.C. § 1117(a); an order pursuant to 15 U.S.C. § 1116 temporarily, preliminarily, and permanently enjoining Defendants, and all of their related and affiliated entities, and each of their principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, and assignees, and all others acting in privity, concert, or participation with them, from (1) using Plaintiff's Registered STREET'S Mark, or any confusingly similar mark; or (2) assisting, aiding, or abetting any person in engaging or performing any of the acts in (1); an order of destruction of the infringing goods pursuant to 15 U.S.C. § 1118; costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a); treble and statutory damages in the amount of $2,000,000 pursuant to 15 U.S.C. § 1117(b) and (c); and such other and further legal and equitable relief as the Court deems just and proper.

2. For the Second Cause of Action: damages according to proof at trial, including but not limited to Plaintiff's actual damages, the Defendants' profits, and enhanced damages pursuant to 15 U.S.C. § 1117(a); an order pursuant to 15 U.S.C. § 1116 temporarily, preliminarily, and permanently enjoining Defendants, and all of their related and affiliated entities, and each of their principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, and assignees, and all others acting in privity, concert, or participation with them, from (1) using Plaintiff's STREET'S Marks or Bi-colored Trade Dress, or any of them, or any confusingly similar mark or trade dress; or (2) assisting, aiding, or abetting any person in engaging or performing any of the acts in (1); an order of destruction of the infringing goods pursuant to 15 U.S.C. § 1118; for costs and

1 attorneys' fees pursuant to 15 U.S.C. §1117(a); and such other and further legal and
2 equitable relief as the Court deems just and proper.

3       3.      For the Third Cause of Action: damages according to proof at trial;
4 disgorgement of Defendants' profits; punitive damages; prejudgment interest; costs
5 of suit; attorneys' fees; an order temporarily, preliminarily, and permanently
6 enjoining Defendants, and all of their related and affiliated entities, and each of their
7 principals, servants, officers, directors, partners, agents, representatives, shareholders,
8 employees, affiliates, successors, and assignees, and all others acting in privity,
9 concert, or participation with them, from (1) using Plaintiff's STREET'S Marks, or
10 any of them, or any confusingly similar mark; or (2) assisting, aiding, or abetting any
11 person in engaging or performing any of the acts in (1); and such other and further
12 legal and equitable relief as the Court deems just and proper;

13       4.      For the Fourth Cause of Action: damages according to proof at trial;
14 disgorgement of Defendants' profits; punitive damages; prejudgment interest; costs
15 of suit; attorneys' fees; an order temporarily, preliminarily, and permanently
16 enjoining Defendants, and all of their related and affiliated entities, and each of their
17 principals, servants, officers, directors, partners, agents, representatives, shareholders,
18 employees, affiliates, successors, and assignees, and all others acting in privity,
19 concert, or participation with them, from (1) using Plaintiff's Bi-colored Trade Dress,
20 or any of them, or any confusingly similar mark or trade dress; or (2) assisting,
21 aiding, or abetting any person in engaging or performing any of the acts in (1); and
22 such other and further legal and equitable relief as the Court deems just and proper;

23       5.      For the Fifth Cause of Action: damages according to proof at trial;
24 disgorgement of Defendants' profits; punitive damages; prejudgment interest; costs
25 of suit; attorneys' fees; an order temporarily, preliminarily, and permanently
26 enjoining Defendants, and all of their related and affiliated entities, and each of their
27 principals, servants, officers, directors, partners, agents, representatives, shareholders,
28 employees, affiliates, successors, and assignees, and all others acting in privity,

concert, or participation with them, from (1) using Plaintiff's STREET'S Marks or Bi-colored Trade Dress, or any of them, or any confusingly similar mark or trade dress; or (2) assisting, aiding, or abetting any person in engaging or performing any of the acts in (1); and such other and further legal and equitable relief as the Court deems just and proper;

6. For the Sixth Cause of Action: an accounting of all profits derived by Defendants as a result of their unlawful conduct; disgorgement of all such wrongfully obtained profits; costs of suit; attorneys' fees; an order temporarily, preliminarily, and permanently enjoining Defendants, and all of their related and affiliated entities, and each of their principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, and assignees, and all others acting in privity, concert, or participation with them, from (1) using Plaintiff's STREET'S Marks or Bi-colored Trade Dress, or any of them, or any confusingly similar mark or trade dress; or (2) assisting, aiding, or abetting any person in engaging or performing any of the acts in (1); and such other and further legal and equitable relief as the Court deems just and proper;

7. For the Seventh Cause of Action: an accounting of all profits derived by Defendants as a result of their unlawful conduct; disgorgement of all such wrongfully obtained profits; costs of suit; attorneys' fees; an order temporarily, preliminarily, and permanently enjoining Defendants, and all of their related and affiliated entities, and each of their principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, and assignees, and all others acting in privity, concert, or participation with them, from (1) using Plaintiff's STREET'S Marks or Bi-colored Trade Dress, or any of them, or any confusingly similar mark or trade dress; or (2) assisting, aiding, or abetting any person in engaging or performing any of the acts in (1); and such other and further legal and equitable relief as the Court deems just and proper.

PRINTED ON RECYCLED PAPER
LA 13938110v3

| | |
|---|---|
| DATED: January 9, 2017 | JEFFER MANGELS BUTLER & MITCHELL LLP<br>ROD S. BERMAN<br>JESSICA BROMALL SPARKMAN<br>NATHANIEL DANG<br><br>By: /s/ Rod S. Berman<br>　　　　　ROD S. BERMAN<br>Attorneys for Plaintiff<br>R.R. STREET & CO., INC. |

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues which may be tried to a jury.

| | |
|---|---|
| DATED: January 9, 2017 | JEFFER MANGELS BUTLER & MITCHELL LLP<br>ROD S. BERMAN<br>JESSICA BROMALL SPARKMAN<br>NATHANIEL DANG<br><br>By: /s/ Rod S. Berman<br>　　　　　ROD S. BERMAN<br>Attorneys for Plaintiff<br>R.R. STREET & CO., INC. |

PRINTED ON RECYCLED PAPER
LA 13938110v3